Complainants' bill seeks a decree against the defendant, the First Baptist Church of Atlantic City, New Jersey, hereinafter referred to as the church, declaring it to be extinct and order its property transferred to the complainant New Jersey Baptist Convention, hereinafter called Convention.
Complainant also seeks a decree against the Fidelity-Philadelphia Trust Company, executor, c., hereinafter called executor, directing it to pay over to complainant a certain bequest under the will of one Mary A. Barker, wherein she gave to the church her residuary estate, for the purpose of the erection of a new church.
The bill is intended to be filed in pursuance of R.S. 16:2-19
and the succeeding two sections of that statute.
Generally speaking, section 16:2-19 provides that all real and personal property belonging to or held in trust for any Baptist church that has or shall become extinct shall vest in and become the property of the New Jersey Baptist Convention, its successors and assigns.
Section 16:2-20 defines an extinct church to be any Baptist church which has ceased or failed to maintain religious *Page 527 
worship, or services according to the tenets, usages and customs of Baptist churches in this state, for the space of two consecutive years immediately prior to application to the Court of Chancery for an order dissolving such church, or whose membership has so diminished in numbers, or in financial strength, as to render it impossible or impracticable to maintain religious worship or services or to protect its property from exposure to waste and dilapidation, or to fulfill the purposes for which it was incorporated.
Section 16:2-21 provides generally that the Convention or any member of the church, when duly authorized by the board of managers of the Convention, may make an application to the Court of Chancery for an order declaring the church extinct and for a disposition of the property of such church, by a verified petition setting forth the facts authorizing such order and disposition of the property. That section further provides that the merits of the application shall be considered by the court in a summary manner, on such notice as the court may prescribe, and that if it satisfactorily appears that making the order and disposing of the property is necessary and proper, for any of the causes mentioned in section 16:2-20, the court shall make a final order, declaring such church extinct, dissolving the same, and transferring to and vesting in the Convention any property, and the title and possession thereof, which may belong to such church, or which may be held in trust for it.
The averments of the bill, in so far as they are pertinent to the motion, are generally, that the First Baptist Church has ceased to be a Baptist church within the meaning of section16:2-20; that said church has ceased or failed to use the property, both real and personal, of which it is presently seized or is the owner, for religious worship or services according to the tenets, usages and customs of Baptist churches in this state; that its membership has fallen off to the extent mentioned in the statute aforesaid; that its financial strength has been impaired to the extent mentioned in the statute, and that it should, therefore, be declared extinct.
The averments, in so far as the Barker legacy is concerned, *Page 528 
are generally, that testatrix intended the bequest to be made for the erection of a new Baptist church in Atlantic City that would function as a participating or co-operating Baptist church in the state and national Baptist program, in accordance with the tenets, usages and customs of Baptist churches in this state, and that the defendant church, by reason of its having so conducted its affairs as to be declared extinct under the statute, should not be permitted to receive the bequest, but that it should be paid to the Convention, which is ready, willing and anxious to construct a church in accordance with the intention of the testatrix.
Defendants move to strike the bill of complaint, generally on the grounds that complainants herein have proceeded by bill instead of by verified petition, as provided by the statute; that the complainants have no right or interest at this time which entitles them to the legacy under the Barker will, or any right to a construction of that will; that the bill is multifarious in that the Trust Company is made a party solely because of a requested construction of the Barker will by the complainants.
The purpose of the legislation under which complainants are proceeding is single — to decide the question as to whether or not the church is extinct under the statute and, incidentally, if found so to be, to enter a decree declaring it to be "extinct, dissolving the same, and transferring to and vesting in" the Convention "any property, and the title and possession thereof, which may belong to such church or society, or which may be held in trust for it." In other words, if the church is found to be extinct, to make an order which puts the Convention in the place and stead of the church as to the latter's ownership or possession of property which it owned, had possession of, or which was held in trust for it at the time of the entry of the decree. The statute does not contemplate that in the summary manner provided for declaring the church extinct the adverse claims of those claiming against the ownership or possession of the church should be litigated and determined. It is academic that this court, in this summary manner, could not determine either title to land or personalty as between other parties than the church and the Convention. *Page 529 
The turnover order is of property and possession generally, and does not include an ascertainment of the quantum thereof, the location and character thereof, or kindred questions of title, possession, c. The language of the act is "any property, and the title and possession thereof, which may belong to such society or church, or which may be held in trust for it."
If my conclusion is correct as above outlined, it follows that the executor of the Barker estate is not a proper party, that it has no interest or right to litigate the question as to whether the church is extinct, and that until a decree to that effect is entered, complainants have no right to call upon this court for a construction of the Barker will or to bring the Barker executor in for that purpose or any other purpose. The bill will therefore be struck as to the Trust Company.
Complainants have not, as against the church, chosen to pursue the pleading provided for by the statute, which distinctly provides for a verified petition as a proper pleading, and the question is whether complainants should be given leave to amend so as to conform with the statutory requirements.
As pointed out by Mr. Justice Perskie in Marsh v. Murphy,129 N.J. Eq. 302 (at p. 307); 19 Atl. Rep. 2d 197, the provisions of R.S. 2:29-13 do not "operate to make a faulty pleading proper. * * * True, they prohibit the dismissal of a suit or proceeding on the ground that it was erroneously begun by bill instead of by petition, or vice versa, but it is equally true that they expressly provide the method for the correction of a faulty pleading, viz.: `the court may order proper amendments to be made upon terms.'"
The court has jurisdiction over the parties herein and over the subject-matter, and permission to amend will not affect "substantial rights of the parties in litigation." Under proper amendments, the question of the status of the church may be determined under the statutory requirements. Complainants will, therefore, be permitted to amend in accordance with their request so to do and at the same time more completely verify the petition to be substituted as an amendment for the bill. *Page 530 
It might be added that while the act provides for a summary hearing on the question as to whether or not the church is extinct, this court does not intend to hear this important matter on affidavits, but will insist that witnesses appear in court, be sworn, examined and cross-examined as in an ordinary final hearing, and in this connection it would seem that the defendant church should file an answer to the amended pleading raising such defenses as it may have thereto, so that the issue may be clear and the evidence confined thereto.